IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

Don Jarvis King                                                                                    Plaintiff

v.                              No. 5:15-CV–142-KGB-PSH

Carolyn W. Colvin, Acting Commissioner,
Social Security Administration                                                         Defendant

## Recommended Disposition

### Instructions

The following recommended disposition was prepared for U.S. District Judge Kristine G. Baker.  A party to this dispute may file written objections to this recommendation.  An objection must be specific and state the factual and/or legal basis for the objection.  An objection to a factual finding must identify the finding and the evidence supporting the objection.  Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1]  The objecting party must serve the opposing party with a copy of an objection.  Failing to object within 14 days waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Baker may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Reasoning for Recommended Disposition**

Don Jarvis King seeks judicial review of the denial of his third application for disability insurance benefits (DIB).[3] King worked at a convenience store for eight years.[4] He quit his job because his supervisor refused to give him a raise, despite increasing his workload.[3] He claims he has been disabled since that time. King based his claim on physical impairment,[4] but for judicial review, he relies on mental impairment.

**The Commissioner's decision**. After considering the application, the Commissioner's ALJ identified paranoid schizophrenia as a severe impairment.[5] The ALJ determined King can work at all exertional levels, but needs work involving simple, routine, repetitive tasks; incidental interpersonal contact; and simple, direct, concrete supervision.[6] After consulting with a vocational expert, the ALJ determined

---

[3]SSA record at p. 138 (applying on June 20, 2012 and alleging disability beginning June 19, 2012). *See id.* at pp. 160 & 171 (reflecting prior applications in 1991 and 1997).

[4]*Id.* at pp. 164, 173, 259, 350 & 354.

[3]*Id.* at pp. 259 & 354.

[4]*Id.* at p. 163 (basing disability on right hip and right knee problems, and problems with the left index finger).

[5]*Id.* at p. 14.

[6]*Id.* at p. 16.

King can do his past work as a check machine operator and a materials handler.[7]

Because a person who can do his past work is not disabled under social security law,[8] the ALJ concluded that King is not disabled and denied the application.[9]

After the Commissioner's Appeals Council denied review,[10] King filed this case to challenge the decision.[11] In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a harmful legal error.[12] The recommended disposition explains why the court should affirm the decision.

**King's allegation**. King contends he qualifies for DIB under listing 12.03 — the listing for schizophrenia and other psychotic disorders — because he claims he has

---

[7]*Id*. at p. 21.

[8]20 C.F.R. § 404.1520(a)(4) ("If you can still do your past relevant work, we will find that you are not disabled.").

[9]SSA record at p. 21.

[10]*Id*. at p. 1.

[11]Docket entry # 1.

[12]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

marked limitations in social functioning, and in concentration, persistence, or pace.[13]

**Applicable legal principles**. If the claimant's impairment meets or medically equals an impairment listed in the Commissioner's regulations (a listing), the claimant qualifies for DIB.[14] "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify."[15] There's more than one way for King to show he meets listing 12.03, but King relies on a history of auditory hallucinations resulting in (1) a marked limitation in social functioning, and (2) a marked limitation in concentration, persistence, or pace.[16] King had the burden of

---

[13]Docket entry # 8.

[14]20 C.F.R. §§ 404.1520(a)(4)(iii) ("At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.").

[15]*Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

[16]The relevant requirements for meeting listing 12.03 follow:

Characterized by the onset of psychotic features with deterioration from a previous level of functioning.

The required level of severity for these disorders is met when the requirements in both A and B are satisfied, ….

    A. Medically documented persistence, either continuous or intermittent, of one or more of the following:

proving his impairment meets or equals listing 12.03.[17]  For the following reasons, King cannot met his burden:

1. **King's symptoms don't prevent him from working**.  King was diagnosed

---

       1. Delusions or hallucinations; or

       2. Catatonic or other grossly disorganized behavior; or

       3. Incoherence, loosening of associations, illogical thinking, or poverty of content of speech if associated with one of the following:

       a. Blunt affect; or

       b. Flat affect; or

       c. Inappropriate affect; or

       4. Emotional withdrawal and/or isolation;

       AND

       B. Resulting in at least two of the following:

       1. Marked restriction of activities of daily living; or

       2. Marked difficulties in maintaining social functioning; or

       3. Marked difficulties in maintaining concentration, persistence, or pace; or

       4. Repeated episodes of decompensation, each of extended duration; ….

[17]*Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004).

with schizoaffective disorder during the disability-determination process. "Schizoaffective disorder is a mental illness that involves both psychotic symptoms and conspicuous, long-enduring, severe symptoms of mood disorder."[18] Auditory hallucinations, or hearing voices, is a common symptom.

The diagnosis flowed from the agency physical exam.[19] During the exam, King reported hearing voices.[20] The physical examiner reported no physical limitations, but recommended a mental diagnostic exam.[21]

At the mental diagnostic exam,[22] King reported hearing voices most of his life, but no mental health treatment.[23] Despite that history, King has a fairly steady work history.[24] The examiner reported that: (1) King's thought processes are logical, relevant, and goal-directed; (2) King can cope with the cognitive demands of work like tasks; (3) King can sustain persistence in completing tasks; and (4) he can communicate and

---

[18]Deborah Rosch Eifert, Martha Sajatovic &Ruth A. Wienclaw, Schizoaffective Disorder, 2 The Gale Encyclopedia of Mental Health 1314 (3d ed.).

[19]SSA record at p. 247.

[20]*Id*. at p. 251.

[21]*Id*.

[22]*Id*. at p. 259.

[23]*Id*. at p. 260.

[24]*Id*. at p. 259. *See also id*. at pp. 145-57 (earnings history).

interact in a socially adequate manner.[25] According to the examiner, mental impairment does not interfere with King's day-to-day activities,[26] to include working.

2. **Treatment controls King's symptoms**. "An impairment which can be controlled by treatment or medication is not considered disabling."[27] After the agency mental diagnostic exam, King sought treatment for the first time; he saw a Veterans Affairs (VA) mental health provider.[28] King reported depressive symptoms and hearing voices since age 16. The VA mental health provider diagnosed schizoaffective disorder and prescribed antipsychotic and antidepressant medication.[29] Another VA provider suggested schizophrenia,[30] "whose symptoms include disturbances in thinking, emotional responsiveness, and behavior."[31]

During followup visits, King reported a significant decrease in voices.[32] The

---

[25]*Id.* at pp. 260 & 262.

[26]*Id.* at p. 262.

[27]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

[28]SSA record at p. 336.

[29]*Id.* at pp. 338-39.

[30]*Id.* at p. 340.

[31]Rebecca Frey, Ruth A. Wienclaw &William A. Atkins, Schizophrenia, 2 The Gale Encyclopedia of Mental Health 1321 (3d ed.).

[32]SSA record at p. 324 (Nov. 26, 2012, he feels the medication has been helpful, voices have decreased significantly), p. 318 (Jan. 7, 2013, he's doing okay, complains

decrease in symptoms shows treatment controls King's symptoms. The improvement undermines King's argument that his symptoms result in marked limitations in social functioning, and in concentration, persistence, or pace.

3. **The evidence shows no marked limitation**. After the first VA visit, King's advocate sent him for a mental exam.[33] King reported a history of hearing voices and a 30-year work history.[34] The evaluator observed that King's 30-year untreated history of auditory hallucinations had not impaired his ability to be gainfully employed.[35] According to the evaluator, King retains the mental ability to do the same work he's done in the past; that is, the convenience store.[36]

The examiner's report contradicts disabling symptoms. Working in a convenience store for eight years contradicts a claim of a marked limitation in social

---

about sleep but drinks 12 sodas per day, denies demand voices but hears faint voices sometimes), p. 313 & 315 (Feb. 1, 2013, he's not hearing voices right now, does not appear paranoid, currently not responding to any internal stimuli, he reports some auditory hallucinations but much deceased, no paranoid ideation elicited today) & pp. 407-08 (June 28, 2013, he insists he is compliant with prescribed medication but his refill history indicates he isn't, reports vague voices, no evidence of paranoia). *See also id*. at p. 50 (testifying that as long as he takes his medication, the voices hardly say anything).

[33]*Id*. at p. 349.

[34]*Id*. at p. 354.

[35]*Id*.

[36]*Id*.

functioning, because working at a convenience store requires a worker to interact with customers, other employees, and supervisors.  The report contradicts a claim of a marked limitation in concentration, persistence, or pace, because King had to maintain concentration, persistence, and pace to maintain his job at the convenience store for 8 years.

## Conclusion and Recommended Disposition

The ALJ did not err in considering listing 12.03.  King showed no marked limitation in social functioning, or concentration, persistence, or pace.  A reasonable mind will accept the evidence as adequate to support the ALJ's decision.  For these reasons, the undersigned magistrate judge recommends DENYING the request for relief (docket entry # 1) and AFFIRMING the Commissioner's decision.

Dated this 29th day of February, 2016.

_____
United States Magistrate Judge